**BASSETT, NEW MEXICO LLC, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 98–568L.**

United States Court of Federal Claims.

March 23, 2000.

Roger J. Marzulla, Washington, D.C. for plaintiff.

Susan V. Cook, General Litigation Section, Environment & Natural Resource Div., U.S. Dept. of Justice, Washington, D.C. for defendant.

### OPINION

SMITH, Chief Judge.

This is a claim for the physical taking of plaintiff's property resulting from defendant's deposit of hazardous waste in plaintiff's limestone quarry pursuant to a Superfund removal action. A Joint Stipulation regarding liability was filed on May 24, 1999. Liability for a physical taking has been conceded by the defendant with respect to the limestone quarry on plaintiff's property. In a letter dated May 20, 1999, the United States Environmental Protection Agency (EPA) requested that plaintiff enter into a judicial consent decree to pay the EPA's cleanup costs for the hazardous substances it had deposited on plaintiff's property. Plaintiff was also informed, in a notice accompanying the letter, that it was considered a potentially responsible party with regard to the cleanup costs. The EPA

requested that plaintiff pay $5,251,377.58 to reimburse the EPA for its cleanup costs.

On June 11, 1999, plaintiff filed a Motion for Leave to Amend Complaint to reflect these additional damages. Defendant opposed the motion on the grounds that amendment would result in undue prejudice to the defendant and that plaintiff was attempting to incorporate a separate matter beyond this court's jurisdiction, therefore amendment would be futile. After reviewing the briefs, the court heard parties' oral argument on the motion during a telephone conference held February 15, 2000. Pursuant to the court's oral ruling during the telephone conference, plaintiff's Motion for Leave to Amend Complaint is hereby GRANTED.

■ Rule 15(a) of the U.S. Court of Federal Claims provides that "a party may amend the party's own pleading only by leave of court ... and leave shall be freely given when justice so requires." As this court has stated previously, "[i]f the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Principal Mutual Life Ins. Co. v. United States*, 26 Cl.Ct. 616, 623 (1992), *reconsideration granted in part by* 29 Fed.Cl. 157 (1993), *aff'd*, 50 F.3d 1021 (Fed.Cir.1995) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). The factors taken into consideration when ruling upon a motion to amend are "undue delay, bad faith or dilatory motive on the part of the movant, futility of the proposed amendment, and undue prejudice to the opposing party." *Id.*

■ Defendant argues that plaintiff, in amending its complaint, is seeking "to incorporate into this matter a separate controversy that is beyond this Court's jurisdiction." Def.'s Resp. in Opp'n to Pl.'s Mot. for Leave to Am. Compl. at 1. Rather than constituting a separate claim under CERCLA[1] as defendant argues, plaintiff's amendment describes newly alleged damage from the physical taking already conceded by the defendant. To

---

1. Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607.

the extent that damages and just compensation are broad concepts, the court must allow plaintiff's Motion for Leave to Amend Complaint. It is in the interest of justice to allow for liberal amendment generally in order to facilitate the resolution of all properly related claims for relief. This permissive standard for amending a pleading dictates that plaintiff's motion be granted under these particular facts.

■ If the government removal action that resulted in the physical taking of plaintiff's property caused the pollution necessitating a Superfund cleanup for which plaintiff is now considered a potentially responsible party, then it is arguably a legitimate area of damage suffered by plaintiff as a result of the taking. As it would be impossible to decide the fair market value of plaintiff's land without considering any potential liabilities, this is an appropriate, perhaps even a mandatory, inquiry for the court to make when determining just compensation.

The relationship of the CERCLA action is relevant to defendant's taking of plaintiff's property. If the cause of the CERCLA action is the defendant's own act of depositing hazardous waste materials on plaintiff's property, it would be a denial of a portion of just compensation on the original claim to not allow that as a legitimate aspect of damages. If, on the other hand, the defendant can show that the property would have been subject to a Superfund cleanup regardless of the government's depositing the materials on plaintiff's property, the CERCLA action is not related to the taking claim. In either case, this issue is an essential element to deciding what compensation is just.

This is not an all or nothing proposition; if there had been a CERCLA cleanup prior to the government's removal action and the removal action aggravated the condition, then the aggravation of that condition resulted in an increased cleanup cost. This increased cost would be a legitimate item of damage in plaintiff's taking claim. The key question is whether the Superfund cleanup was a product of the government's own removal action that gave rise to plaintiff's taking claim. In the interest of justice and pursuant to the permissive standard for amending a plead-ing, plaintiff's amendment to its complaint will be allowed.

For the reasons stated above, plaintiff's Motion for Leave to Amend Complaint is hereby GRANTED.

**IT IS SO ORDERED.**